```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

UNITED STATES OF AMERICA

                    -against-                      17 Cr. 611 (RWS)

                                                   SENTENCING
MIGUEL CALDERON,
a/k/a "Mick,"                                      OPINION


                       Defendant.
------------------------------------------X
```

**Sweet, D.J.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-5-18

On July 26, 2018, Miguel Calderon ("Defendant" or "Calderon") pleaded guilty to possession of a firearm during and in relation to a crime of violence. Based on the conclusions sets forth below, Calderon will be sentenced to the mandatory minimum of 60 months' imprisonment, followed by three (3) years' supervised release, subject to the scheduled sentencing hearing on November 6, 2018.

**Prior Proceedings**

Calderon is named in a one-count Superseding Information filed in the Southern District of New York on July 6, 2018.

1

Count One charges that on or about March 7, 2016, in the Southern District of New York, Calderon, during and in relation to an assault with a deadly weapon committed for the purpose of maintaining and increasing his position in a racketeering enterprise, "Young Gunnaz" or "YGz," in violation of 18 U.S.C. § 1959(a)(3), used and carried a firearm, and aided and abetted the use, carrying, and possession of firearms, in furtherance of a crime of violence.

On July 26, 2018, Calderon appeared before the Honorable Judge Ona T. Wang in the Southern District of New York and pleaded guilty to his criminal conduct as charged in Count One of the Superseding Information.

Calderon is scheduled to be sentenced on November 6, 2018.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and the Second Circuit's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including

2

the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed —
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for —
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
>
> (5) any pertinent policy statement [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all

3

the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. *See Crosby*, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

From 2010 to 2017, Calderon was a member of the Bronx-based street gang known as the "Young Gunnaz" or "YGz." In April 2015, Calderon provided a fellow gang member, Oscar Briones, with a firearm that was used in a shooting on April 27, 2015. On March 7, 2016, Calderon shot and injured a rival gang member in the vicinity of 320 Beekman Avenue, Bronx, New York. Furthermore, Calderon was involved in the distribution of crack cocaine from 2013 to 2015.

Accordingly, Calderon used and carried a firearm, and aided and abetted the same, during and in relation to a crime of violence, namely, an assault with a deadly weapon in aid of racketeering.

**The Relevant Statutory Provisions**

For Count One of the indictment, to which Calderon pleaded guilty, the minimum term of imprisonment is five (5) years and the maximum term is life. 18 U.S.C. § 924(c)(1)(A) and (2). The Court may impose a term of supervised release of not more than five (5) years. *Id.* § 3583(b)(1). Calderon is ineligible for probation because it is expressly precluded by statute. *Id.* § 3561(a)(2). The maximum fine is $250,000. *Id.* § 3571(b). A special assessment of $100 is mandatory. *Id.* § 3013. The offense is a Class A felony. *Id.* § 3559. Restitution is not applicable in this case. *Id.* § 3663.

**The Guidelines**

The 2016 edition of the *United States Sentencing Commission Guidelines Manual*, incorporating all Guideline amendments, was

5

used to determine the Defendant's offense level. U.S.S.G. § 1B1.11.

The guideline applicable to violations of 18 U.S.C. § 924(c)(1)(A) and (2) is found in U.S.S.G. § 2K2.4(b). As per the applicable guidelines found in U.S.S.G. § 2K2.4, the guideline sentence is the minimum term of imprisonment required by statute, 60 months. Therefore, Chapters Three and Four shall not apply. U.S.S.G. § 2K2.4(b).

Since the offense is a Class A felony, the guidelines range for a term of supervised release is 2 years to 5 years. U.S.S.G. § 5D1.2(a)(1).

Application Note 7 of U.S.S.G. § 2K2.4 states that the Commission has not established a fine guideline range for the unusual case in which there is no conviction for the underlying offense, although a fine is authorized under 18 U.S.C. § 3571.

Costs of prosecution shall be imposed on the defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and

6

term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7) and 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated August 1, 2018, provides a daily cost of $99, a monthly cost of $3,025, and an annual cost of $36,300 for imprisonment.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in *Booker*, 543 U.S. 220, and the Second Circuit's decision in *Crosby*, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," *Kimbrough v. United States*, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), having considered the Guidelines and all of the factors set forth in § 3553(a), and having reviewed the PSR, the Court will impose a sentence within the Guidelines range.

**The Sentence**

For the instant offense, Miguel Calderon shall be sentenced to 60 months' imprisonment on Count One. The term of imprisonment shall be followed by a term of three years of supervised release.

As mandatory conditions of his supervised release, the Defendant shall:

(1) Not commit another federal, state, or local crime.

(2) Not illegally possess a controlled substance.

(3) Cooperate in the collection of DNA as directed by the probation officer.

(4) Comply with the standard conditions that have been adopted by this Court as well as with any other conditions on the attached page.

The standard conditions of supervision (1-13) apply with the following special conditions:

(1) The Defendant must submit his person, residence, place of business, vehicle, and any property or electronic devices under his control to a search on the basis that the probation officer has reasonable suspicion that contraband or evidence of a violation of the conditions of the Defendant's probation/supervised release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The Defendant must inform any other residents that the premises may be subject to search pursuant to this condition.

8

(2) The Defendant will participate in an outpatient treatment program approved by the United States Probation Office, which program may include testing to determine whether the Defendant has reverted to using drugs or alcohol. The Defendant must contribute to the costs of services rendered based on his ability to pay and the availability of third-party payments. The Court authorizes the release of available drug treatment evaluations and reports, including the presentence investigation report, to the substance abuse treatment provider.

(3) The Defendant shall be supervised by the district of residence.

It is further ordered that the Defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

Because the Defendant does not have the ability to pay a fine, the fine in this case has been waived.

The Defendant has been detained without bail since his arrest, and is not a candidate for voluntary surrender because of the provisions found in 18 U.S.C. § 3143(a)(2).

It is so ordered.

**New York, NY**
**November 5, 2018**

_____
ROBERT W. SWEET
U.S.D.J.