UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

MIGUEL CALDERON,
    a/k/a "Mick,"

                      Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/2021

17 Cr. 611-10 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Defendant, Miguel Calderon, a prisoner serving his sentence at USP Canaan, moves for a reduction of his term of imprisonment under the federal compassionate release statute, codified at 18 U.S.C. § 3582(c)(1)(A). Def. Mem., ECF No. 712. For the reasons stated below, Calderon's motion is DENIED.

## BACKGROUND

      On July 24, 2018, Calderon pleaded guilty to using and carrying a firearm, and aiding and abetting the same, during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and was sentenced to the mandatory minimum of 60 months' imprisonment and three years of supervised release. ECF Nos. 184, 373. Calderon has been incarcerated since his arrest in January 2018, ECF No. 93, Def. Mem. at 1, and according to the Bureau of Prisons, his release date is April 15, 2022. Def. Mem. at 2. Calderon represents that he has a halfway house date of October 15, 2021. *Id.*

      Calderon states that while incarcerated, he has had no disciplinary infractions, Def. Mem. at 3, and he has taken several programs, including courses on finance and release preparation, Def. Mem. at 5. He indicates that he planned to obtain his GED while incarcerated, but the COVID-19 pandemic prevented him from doing so. *Id.*

On December 16, 2020, Calderon submitted a request for compassionate release to USP Canaan's warden, to which he received no response within thirty days. ECF No. 711 at 5–6. By letter dated February 14, 2021, filed on February 19, 2021, Calderon moved *pro se* for compassionate release and appointment of counsel, in light of the COVID-19 pandemic. ECF No. 711. The Court appointed counsel, Def. Mem. at 1, and on March 8, 2021, Calderon filed a supplemental motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) through his attorney. Def. Mem.

## DISCUSSION

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)     extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Calderon must meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence. The Court should also consider the factors listed in 18 U.S.C. § 3553(a), which, as applicable here, include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

2

        (B) to afford adequate deterrence to criminal conduct; [and]
        (C) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a).

    The Court finds, and the parties do not appear to dispute, that Calderon has exhausted his administrative remedies. Gov't Opp'n, ECF No. 716; ECF No. 711 at 5–6. Therefore, the Court only addresses whether Calderon has stated an extraordinary and compelling reason for release, and if so, whether that reason is outweighed by the § 3553(a) factors.

    The United States Sentencing Commission has defined "extraordinary and compelling reasons" at U.S.S.G. § 1B1.13, cmt. n.1. *See United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4–5 (S.D.N.Y. Jan. 8, 2020). The definition, as relevant, states that extraordinary and compelling reasons for modification exist where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). The Second Circuit recently clarified, however, that where, as here, a motion for compassionate release is brought by a defendant, rather than by the BOP, Guideline § 1B1.13 is "not applicable." *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020) (internal quotation marks omitted). Accordingly, this Court is empowered to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," and is not bound by Guideline § 1B1.13. *Id.* at 237.

    Courts have granted modified sentences in light of COVID-19 for defendants with illnesses or injuries that make them particularly vulnerable to COVID-19. *See, e.g.*, *United States v. Yu*, No. 90 Cr. 47, 2020 WL 6873474, at *4 (S.D.N.Y. Nov. 23, 2020) (collecting cases). By contrast, in cases where such illnesses or injuries were absent, courts in this district have denied requests for compassionate release. *See, e.g.*, *United States v. Brooks*, No. 11 Cr. 206, 2020 WL 6946589, at *2 (S.D.N.Y. Nov. 24,

3

2020); *United States v. Zehner*, No. 19 Cr. 485, 2020 WL 1892188, at *2 (S.D.N.Y. Apr. 15, 2020). As Calderon does not report any medical conditions, and his medical records do not reveal any, he does not present an extraordinary and compelling reason to modify his sentence.

Calderon argues that the "cruel circumstances" of his lockdown during the COVID-19 pandemic, including lack of contact with his family because of USP Canaan's suspending all visits, and the "the difficulty and dangers of life in prison during the COVID-19 pandemic," amount to an extraordinary and compelling reason justifying his release. Def. Mem. at 2. He notes that the criminal activity for which he was incarcerated occurred primarily in 2015 and early 2016, when he was 21, and arose from his involvement in a neighborhood gang. *Id.* at 3. These circumstances, Calderon argues, are unlikely to repeat now that he is in his late twenties and plans to move to a location far from the gang. *Id.* He expects to be employed by E-Touch Services, a computer systems maintenance and repair company, upon his release. *Id.*; *id.* at 8–9. Calderon has served over three quarters of his sentence. *Id.* at 2.

The Court does not disregard the risk Calderon might face should he contract COVID-19. He may be outside of the most acutely vulnerable group, but the novel coronavirus can have devastating effects on even healthy individuals. The Government has an obligation to protect every person in its custody from the threat COVID-19 presents. *See Valentine v. Collier*, 140 S. Ct. 1598, 1601 (2020) (Sotomayor, J., statement respecting the denial of application to vacate stay) ("[I]n this pandemic . . . inmates everywhere have been rendered vulnerable and often powerless to protect themselves from harm. May we hope that our country's facilities serve as models rather than cautionary tales."). The Court commends Calderon for taking steps to improve himself while incarcerated. But, none of these circumstances present an extraordinary and compassionate reason for release. *United States v. Marmolejos*, No. 19 Cr. 626, 2021 WL 807128, at *3–4 (S.D.N.Y. Mar. 3, 2021).

## CONCLUSION

Accordingly, Calderon's motion for release under 18 U.S.C. § 3582(c)(1)(A) is DENIED. The Clerk of Court is directed to terminate the motions at ECF Nos. 711 and 712.

SO ORDERED.

Dated: April 21, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge